

# THE ATTORNEY GENERAL

# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

June 12, 1947

Hon. Hall H. Logan, Chairman
State Board of Control
Austin, Texas

Opinion No. V-249

Re:  State eleemosynary
school teachers,
payment of salaries
while attending col-
lege.

Dear Sir:

We refer to your letter of recent date, ac-
knowledged by the Attorney General on June 3, 1947,
wherein you request to be advised concerning the au-
thority of the Board of Control to permit superin-
tendents of eleemosynary schools to pay salaries to
their teachers from Eleemosynary Salary Funds, Elee-
mosynary Institutional Local Funds, or Independent
School District Funds realized by eleemosynary in-
stitutions while said teachers are attending State
institutions of higher learning to study the teach-
ing of abnormal and handicapped children.

You state that the eleemosynary institu-
tions handle many abnormal and handicapped children
and that eleemosynary school teachers educated in
the methods and technique of handling and educating
such children will prove beneficial to the school
system, and that most of said teachers are unable
to attend accredited colleges this summer because
of inadequate salaries.

We regret to inform that we find no law
expressly or impliedly authorizing the expenditure
of any of the funds referred to in your letter for
the payment of teachers' salaries while said elee-
mosynary teachers are engaged in studying and are
not performing their duties as teachers.

The salaries of employees, teachers and
instructors in the eleemosynary institutions are
fixed and governed in the Eleemosynary Appropria-

tion Bill, Acts 1945, 49th Legislature, R. S., Chapter 237, H. B. No. 206. In the general provisions thereof, Section 3, the paragraph designated, Prerequisite of Employees, Subsection (b), p. 366, it is specifically provided that "no salaries shall be paid to any person unless such person actually discharges assigned duties." The general provisions thereof, Section 3, that paragraph designated, Revolving Fund and Institutional Receipts, Subsection (a), p. 367, governs and controls the purposes for which local funds of eleemosynary institutions may be used. Neither by express provisions nor by the employment of the doctrine of ejustem generis can authority be found therein which would allow expenditure of the institution's local receipts or funds for the purpose advanced herein.

We have examined further the laws governing the expenditure of school district funds and have found no statute, nor have we been apprised thereof, which would authorize the expenditure of Independent School District Funds for the payment of a teacher's salary when the teacher is not performing assigned duties as teacher.

If, of course, the teacher is entitled to a vacation under the general provisions of the Eleemosynary Appropriations Bill, Section 3, Subsection (b), p. 364, and elects to attend a college during the vacation period, he is entitled to payment of his vacation period salary.

## SUMMARY

There is no law authorizing payment of salaries to teachers employed by the State Eleemosynary Institutions from eleemosynary salary or local funds, or from funds realized from independent school districts, while they are attending college and not performing assigned duties as teachers.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:djm:erc

APPROVED

*Price Daniel*

ATTORNEY GENERAL